**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**L4T Innovations LLC,**

Plaintiff,

v.

**Reolink Innovation, Ltd. and**
**Reolink Digital Technology Co., Ltd.,**

Defendants.

Case No. 2:26-cv-981

Patent Case

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff L4T Innovations LLC ("Plaintiff") files this Complaint against Defendants Reolink Innovation, Ltd. and Reolink Digital Technology Co., Ltd. (collectively, "Reolink" or "Defendants") for infringement of United States Patent No. 11,189,321 (the "'321 Patent").

## NATURE OF THE ACTION

2. This suit is an action for patent infringement under Title 35 of the United States Code. Plaintiff seeks monetary damages.

3. Plaintiff is the assignee of all rights, title, and interest in the '321 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '321 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for Reolink's infringement of the '321 Patent.

## THE PARTIES

4. Plaintiff is a Michigan limited liability company with an office at 1915 North Valley View Drive, Saint Joseph, Michigan 49085.

5. On information and belief, Defendant Reolink Innovation, Ltd. is a corporation organized and existing under the laws of Hong Kong, with a principal place of business located at Flat/Rm 705, 7/F, Fa Yuen Commercial Building, 75-77 Fa Yuen Street, Mong Kok, Kowloon, Hong Kong. Reolink Innovation, Ltd. researches, develops, manufactures, and sells Reolink-branded cameras, doorbells, accessories, and software worldwide, including in the United States.

6. On information and belief, Defendant Reolink Digital Technology Co., Ltd. is a corporation organized and existing under the laws of China, with a principal place of business located at A218, ShiWaiTaoYuan ChuanyiYuan 1st of PingShan Road, Xili, NanShan, Shenzhen, China. Reolink Digital Technology Co., Ltd. researches, develops, manufactures, and sells Reolink-branded cameras, doorbells, accessories, and software worldwide, including in the United States.

7. On information and belief, Reolink directly and/or indirectly, through subsidiaries, affiliates, distributors, and agents, develops, designs, manufactures, imports, distributes, markets, offers to sell, and/or sells infringing products and services in the United States and in the State of Texas, including in the Eastern District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

**JURISDICTION AND VENUE**

8. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-85, among others. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400(b) because, among other things, Defendants are foreign corporations, and thus may be sued in any judicial district, pursuant to 28 U.S.C. § 1391(c)(3). *See also In re HTC Corporation*, 889 F.3d 1349, 1357 (Fed. Cir. 2018).

10. Venue is also proper because Defendants have committed acts of infringement in this District, including making, using, selling, offering for sale, and importing the Accused Products (as defined below) in this District, and because Defendants maintain contacts with this District through, among other things, sales of the Accused Products to customers located in this District.

11. Defendants are subject to this Court's specific and general personal jurisdiction under due process and the Texas long-arm statute because of Defendants' substantial business in this District, in the State of Texas, and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this State, in this District, and in the United States.

12. Specifically, Defendants do business in, have committed acts of infringement in, and continues to commit acts of infringement in the State of Texas, including in this District, and in the United States, directly and through intermediaries and agents, including authorized

distributors and retailers, by making, using, selling, offering for sale, importing, and inducing and contributing to infringement of the Accused Products.

13. Defendants have committed acts of infringement within this District, including, but not limited to, making, using, selling, offering for sale, and importing the Accused Products, as defined *infra*.

14. Defendants have purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. Defendants regularly sell (either directly or indirectly) their products within this District. For example, upon information and belief, Defendants have placed and continue to place the Accused Products into the stream of commerce via established distribution channels—including Defendants' websites, online marketplaces, and brick-and-mortar retailers such as Best Buy, including the Best Buy located at 422 W Loop 281 Suite 100, Longview, TX 75605 (see Figure 1, below), located in this District—with the knowledge or understanding that such products are being and will continue to be sold in this District and the State of Texas. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long-Arm Statute due to their substantial and pervasive business in this State and District, including infringing activities alleged herein, from which Defendants derive substantial revenue.




**Figure 1. Availability of Infringing Reolink Products at Longview, Texas Best Buy Store**

## THE ACCUSED PRODUCTS

15. Based upon public information, Defendants own, operate, advertise, and/or control the websites and domains https://www.reolink.com and https://support.reolink.com (and related pages), through which they advertise, sell, offer to sell, provide, and/or educate customers about their products and services.

16. Defendants make, have made, use, sell, offer for sale, import, and/or distribute a system comprising (a) doorbells sold as the Reolink Video Doorbell PoE (including, at least, model D340P) and Reolink Video Doorbell WiFi (including, at least, model D340W), (together, the

"Reolink Doorbells") and (b) separate Reolink Network Video Recorders, including without limitation the Reolink Network Video Recorder RLN12W, Reolink Home Hub, Home Hub Pro, Home Hub Mini and other models identified as compatible with the Reolink Doorbells on Defendant's product pages and manuals (collectively, the "Reolink NVRs"), together with associated firmware, mobile applications (including the Reolink App), and desktop software (collectively, the "Reolink Software Products") (the Reolink Doorbells, Reolink NVRs, Reolink Software Products, and their associated hardware and software functionalities, collectively, the "Accused Products").

17. The Reolink Doorbells are self-contained smart doorbell-cameras housed in weather-resistant outdoor enclosures. The Reolink Doorbells contain embedded microprocessors performing on-device AI-based person, vehicle, and package detection; real-time H.264/H.265 video encoding at 5 megapixels; event time-stamping; and network communication. The Reolink Doorbells incorporate a 6-second pre-recording buffer that continuously captures video before any trigger event fires.

18. The Reolink NVRs are separate, standalone network video recorders with onboard memory that receive video streams and event data from connected Reolink Doorbells and store the corresponding recordings.

19. When a user presses the doorbell button on the Reolink Doorbells, the Reolink Doorbells' trigger circuit generates a trigger event. The Reolink Doorbells' microcontroller reads its real-time clock, records the event with a corresponding timestamp, and transmits the event data—including the timestamp and the associated video clip (including the 6 seconds of pre-buffered footage captured before the button press)—over its PoE Ethernet interface or WiFi interface to the external Reolink NVR, which preserves the recording. Reolink's own support

documentation confirms that “the doorbell sends an email to your inbox with the time of the event when the doorbell is pressed,” and that the Reolink app’s Event History interface displays per-event “timestamps” for each detected event.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,189,321**

20. The United States Patent and Trademark Office duly issued U.S. Patent No. 11,189,321 on November 30, 2021, after full and fair examination of Application No. 16/821,423, filed March 17, 2020, which was a continuation of application No. PCT/US2018/053805, filed on October 1, 2018, and a continuation of application No. PCT/US2018/053807, filed on October 1, 2018. These applications arose from provisional application No. 62/567,054, filed on October 2, 2017, and provisional application No. 62/572,157, filed on October 13, 2017. A true and correct copy of the ’321 Patent is attached as **Exhibit 1**.

21. The claims of the ’321 Patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of video event recording products, among other things, by implementing a retrospective capture trigger for event marking and capture using a separate event marking device in communication with an external recording device.

22. The written description of the ’321 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

23. Defendant has directly infringed and continues to directly infringe one or more claims of the ’321 Patent by making, using, selling, offering to sell, importing, providing, supplying, and/or distributing the Accused Products.

24. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 6, 8, 9, 14, 15, and 16 of the ’321 Patent, as detailed in **Exhibit 2** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 11,189,321).

25. For example, as detailed in **Exhibit 2**, Reolink Doorbells satisfy each and every limitation of Claim 1 of the ’321 Patent:

- **housing** — the weather-resistant outdoor doorbell enclosure containing all components;
- **microcontroller disposed in the housing** — an embedded SoC executing on-device AI detection, video encoding, and event processing;
- **memory disposed in the housing and operatively coupled to the microcontroller** — on-board memory including a continuously-running 6-second pre-recording circular buffer;
- **real-time clock disposed in the housing and operatively coupled to the microcontroller** — a real-time clock whose output is confirmed by per-event timestamps delivered in email alerts as the “time of the event when the doorbell is pressed” and displayed in Event History on the external Reolink app;
- **communication interface disposed in the housing** — an IEEE 802.3af PoE Ethernet interface (RJ45) or WiFi interface connecting the doorbell to the Reolink NVRs;

- **trigger circuit … arranged to be enabled by a user to identify an event for recording** — the physical doorbell push-button and associated circuitry;
- **microcontroller … configured to read the real-time clock and write a corresponding real-time datum in the memory upon receiving enablement of the trigger circuit** — upon button press, the SoC reads the RTC and records the event with its timestamp to device memory;
- **microcontroller … configured to … output the real-time datum via the communication interface when … operatively coupled to an external device** — the doorbell outputs event data including the timestamp over PoE or WiFi to the external Reolink NVRs; and
- **whereby the real-time datum causes the external device to preserve a recording captured at the time of the enablement of the trigger circuit** — the Reolink NVRs preserve the event clip, including 6 seconds of pre-trigger footage, to its onboard memory.

26. By way of further non-limiting example, the operation of the Reolink Doorbell with the Reolink NVRs satisfies each and every step of Claim 8 of the '321 Patent, as the system (i) generates real-time clock data with the doorbell's real-time clock; (ii) generates a trigger signal upon a doorbell button press (or automatic motion/person-detection); (iii) identifies the real time of the trigger; (iv) writes trigger signal data with the associated real time to the doorbell's memory; (v) outputs the trigger event data including the event time to the external NVR and App via the PoE Ethernet or WiFi interface; and (vi) thereby causes the external NVRs to preserve a recording captured at the time of the trigger.

27. Since at least the time of receiving this Complaint, Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the ’321 Patent by inducing others to directly infringe said claims. Defendants have induced end users, including customers and retail purchasers, to directly infringe, either literally or under the doctrine of equivalents, the ’321 Patent by providing, selling, and instructing use of the Accused Products. Defendants have taken active steps, directly or through contractual relationships with others, with the specific intent to cause end users to use the Accused Products in a manner that infringes one or more claims of the ’321 Patent, including, for example, Claims 1 and 8. Such steps by Defendants include, among other things, advertising, manuals, tutorials, and technical support that instruct users how to use the Reolink Doorbell with the Reolink NVRs to capture and preserve video clips.

28. Defendants are performing these steps, which constitute induced infringement, with knowledge of the ’321 Patent and with knowledge that the induced acts constitute infringement. Defendants are aware that the normal and customary use of the Accused Products by others would infringe the ’321 Patent. Defendants’ inducement is ongoing.

29. Since at least the time of receiving this Complaint, Defendants have also indirectly infringed and continue to indirectly infringe by contributing to the infringement of the ’321 Patent. Defendants have contributed to the direct infringement of the ’321 Patent by end users. The Accused Products have features specially designed to be used in an infringing way and, upon information and belief, have no substantial non-infringing uses. The Accused Products constitute a material part of the invention of one or more claims of the ’321 Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendants’ contributory infringement is ongoing.

30. Defendants had knowledge of the ’321 Patent at least as of the date when they were notified of the filing of this action.

31. Defendants’ actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

32. Plaintiff, or its predecessors-in-interest, have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the ’321 Patent.

33. Plaintiff has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to Plaintiff in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

34. Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Plaintiff requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a. A judgment that one or more claims of the ’321 Patent have been infringed, either literally or under the doctrine of equivalents, by Defendants or others acting in concert therewith;

b. A judgment and order requiring Reolink to pay Plaintiff its damages (past, present, future, including treble damages for its willful infringement), costs, expenses, and

pre-judgment and post-judgment interest for Reolink's infringement of the '321 Patent;

c. A judgment and order requiring Reolink to pay Plaintiff compulsory ongoing licensing fees, as determined by this Court;

d. A judgment and order declaring this an exceptional case and awarding Plaintiff its reasonable attorneys' fees and costs against Defendants in accordance with 35 U.S.C. § 285; and

e. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 30, 2026

Respectfully submitted,

By: /s/ Laura E. Calloway

Laura E. Calloway (TX Bar No 24099661)*
**L4T Innovations LLC**
1915 N. Valley View Dr.
Saint Joseph, Michigan 49085
Telephone: (312) 320-7587
Email: laura@l4tinnovations.com
***Attorney for Plaintiff***

*Admitted to the Eastern District of Texas